Mario H. DeSalvo v. Commissioner.
Mario H. DeSalvo v. Commissioner
Docket No. 45640.
United States Tax Court
1954 Tax Ct. Memo LEXIS 252; 13 T.C.M. (CCH) 305; T.C.M. (RIA) 54101; March 31, 1954
*252 The Commissioner has determined a deficiency in petitioner's income tax for the year 1949 of $221 by disallowing petitioner a credit of $600 each for his two minor children as dependents. Petitioner was living separate and apart from his wife but they were not divorced until 1951. The children were living with their mother. Petitioner contributed to the children's support. Held, petitioner has not proved that he contributed more than half the support of his two minor children in the taxable year. The respondent's determination is sustained for lack of evidence to show that it was in error. Thomas G. O'Neil, Esq., 83 Main Street, Sidney, N. Y., for the petitioner. Paul D. Lagomarcino, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in petitioner's income tax for the year 1949 of $221. The deficiency is due to the disallowance by the Commissioner of a credit claimed by petitioner on his income tax return for two dependents, namely, Diane DeSalvo and Richard DeSalvo. To this adjustment the petitioner assigns error, as follows: "a. The determination of deficiency in the amount of Two Hundred *253 Twenty-one ($221.00) Dollars was made without affording petitioner a reasonable opportunity to supply the Commissioner with the information requested in view of the extenuating circumstances set forth hereafter in paragraph 5." Petitioner closes his petition with the following prayer: "WHEREFORE, the petitioner prays that this Court may hear the proceeding that the matter be redetermined and that the petitioner be allowed credit for his two dependent children and that the notice of deficiency in the amount of Two Hundred Twenty-one ($221.00) Dollars be set aside and rescinded." Findings of Fact Petitioner resides at Sidney, New York, and filed his income tax return for the year involved with the Collector of Internal Revenue at Syracuse, New York. Petitioner married Ann Tucker in 1934 and two children, Richard and Diane, were born of the marriage. Petitioner separated from his wife in 1944. During the year 1949, the ages of the children were 10 years and 14 years, respectively. The children resided with their mother during 1949, and for sometime prior thereto, in Oxford, New York, which is 15 or 18 miles from petitioner's residence in Sidney, New York. Prior to 1949, the *254 Children's Court of Chenango County, New York, entered the following order: "In the Matter of the Alleged Failure or Neglect to Support of MARIO DeSALVO "Upon the affidavit of Ann DeSalvo, sworn to on the 13th day of December, 1944, and upon all other proceedings had in the above entitled matter, and the same having come on for hearing before Hon. Frank W. Barnes, Chenango County Children's Court Judge, and the said Ann DeSalvo, having appeared in person and by her attorney, C. Vernon Stratton, and the respondent having appeared in person, and after hearing all the evidence in this matter, and due deliberation had, it is hereby "ORDERED by this Court that the respondent, Mario DeSalvo, pay the sum of eighteen dollars a week towards the support of his family, plus any medical and/or dental bills that may be necessary, or be incurred. "Dated: December 19th, 1944." Petitioner and his wife were divorced in 1951. The divorce decree contained, among other things, the following provision: "ORDERED, ADJUDGED AND DECREED, that the custody of the infant children, Diane DeSalvo and Richard DeSalvo, is to be with the plaintiff, and the defendant is to pay to the plaintiff the sum of *255 Eight Dollars, ($8.00), each week from the date of this judgment for the support, maintenance and education of said Diane DeSalvo, and the defendant is to pay the sum of Eight Dollars, ($8.00), each week to said plaintiff for the care, support and maintenance of the child, Richard DeSalvo, and is also to pay hospital and doctor bills in the event either of said children shall require hospitalization or medical care and also to pay for the dental care and treatment of said infant children; * * *" Petitioner was employed in 1949 and the total of his wages for the year was $3,790. Petitioner paid in 1949, in accordance with the order of the Chenango County Children's Court shown above, $832 in installments of $16 a week. He also gave his children birthday presents and Christmas presents in cash, which aggregated $30 for each child. Petitioner testified at the hearing that he also paid some medical expenses for his children in 1949, but he was unable to state how much he paid. There is no evidence in the record which shows the total cost of support of the two children in 1949, or how we could approximate it, and, therefore, we are unable to make a finding that petitioner paid more *256 than half of his children's support in 1949. Opinion BLACK, Judge: The only issue which we have to decide in this proceeding is whether petitioner has borne the burden of proving that in 1949 he furnished more than half the support of his two minor children, Richard and Diane, who were living with their mother in that year. The applicable statute is printed * * * [below]. [1]
To be entitled to dependency credits for *257 his two children, the petitioner has the burden of showing that he contributed over one-half their support and that each child's gross income for the year was less than $500. We have no evidence in the record as to what, if any, gross income Richard and Diane had. Respondent in his brief makes some point of this particular failure of proof. However, due to the fact that in the taxable year 1949 Richard was only 10 years of age and Diane was only 14 years of age, we shall assume that they were unemployed and that neither of them had any gross income. Certainly there is nothing in the record to indicate that either of them had any gross income in 1949. Respondent's deficiency notice does not base his determination upon the ground that Richard and Diane had income of their own in 1949 of $500 each, or more. So we do not decide against petitioner on that ground. Respondent's main contention and the one upon which he places the most stress in his brief is that petitioner has failed to sustain his burden of proof because he has not shown what the cost of the children's support was in 1949 and, therefore, he has not proved that he contributed over half of the support of the two children *258 in that year. We think respondent must be sustained on this ground. Petitioner was the only witness at the hearing. He testified that he contributed $8 per week or $416 toward the support of each child in 1949, and that in addition to this $416 for each child he made birthday and Christmas gifts which aggregated $30 for each child. That makes $446 for each child, according to petitioner's testimony. Petitioner also testified that he paid some medical expenses but he was unable to give any figures as to any amounts he paid. It is, therefore, manifest that he would be unable to make any finding of fact as to medical expenses. Petitioner testified that the $8 a week that he paid for the support of each of the children was paid in compliance with an order of the Chenango County Children's Court issued in some year prior to 1949. A certified copy of that order was introduced in evidence and it has been copied in our Findings of Fact. Among other things, it contains this provision: "ORDERED by this Court that the respondent, Mario DeSalvo, pay the sum of eighteen dollars a week towards the support of his family, plus any medical and/or dental bills that may be necessary, or be incurred. *259 " Therefore, it will be seen that the Children's Court order under which petitioner testified he paid the $8 per week for the support of each of the children does not mention the names of the children. It directs petitioner to pay $18 per week towards the support of his family. Of course, the two children would be included in the word "family" but so also would their mother, Ann DeSalvo. We must assume that it was under this order of the Children's Court that petitioner paid the total of $16 per week which he testified about at the hearing. It must be remembered that in 1949 petitioner was not divorced from his wife. They were living separate and apart and the two children were living with their mother. It was not until 1951 that petitioner's wife was divorced from him. The decree of divorce did provide that petitioner should pay $8 a week for each child toward the support of his children. That divorce decree has no application here because it was not entered until in 1951. What rights petitioner will have to claim his two children as dependents because of anything said in the divorce decree, we make no attempt to determine in this proceeding. We have only the year 1949 before us *260 and that is the only year which we make any attempt to decide. As to the year 1949, we have carefully studied the entire record and think we must hold that petitioner has failed to prove the total cost of the children's support in 1949 or to prove figures by which we would approximate such total cost and has, therefore, failed to prove that he contributed more than half the support of this two minor children, Richard and Diane. Decision will be entered for the respondent. Footnotes
1. Internal Revenue Code SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - (1) Credits. - There shall be allowed for the purposes of both the normal tax and the surtax, the following credits against net income: * * *
(D) An exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500, * * *
(3) Definition of Dependent. - As used in this chapter the term "dependent" means any of the following persons over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer: (A) a son or daughter of the taxpayer, * * *↩